In the Matter of JACOB LEON BRANDMARKER, an Attorney.

First Department, April 13, 1917.

Attorney at law disbarred — repudiation of agreement to reimburse bondsman.

Attorney at law disbarred for inducing a person to execute a bail bond for his client under a promise to reimburse her in the event of a forfeiture of the bond and for filing a verified answer when sued by the bondsman after a forfeiture in which he alleged that his agreement to indemnify the plaintiff was without any consideration, thus repudiating his written obligation.

DISCIPLINARY proceedings against an attorney instituted by the Association of the Bar of the City of New York.

*Henry Sillcocks* of counsel [*Einar Chrystie,* attorney], for the petitioner.

*Alfred J. Talley,* for the respondent.

CLARKE, P. J.:

The respondent was admitted to the bar in 1901, and has since then practiced his profession in the city of New York. He is charged with professional misconduct. In September, 1915, respondent acted as attorney for one Alexander Wager, who was charged with violation of the Penal Law and held for trial in the sum of $1,000 bail. The respondent procured one Minnie Levine to execute the bond and paid her therefor the sum of $25 in cash and gave her a written agreement as follows:

"This is to certify that I will reimburse Minnie Levine of 102 E. 109 St., N. Y. City, to the amount of Seven hundred and fifty dollars in the event she is called upon to pay on a bond for One Thousand Dollars for bail she is about to give to assure the appearance of one Alex. M. Wager now held for trial at Special Sessions on a charge of Section 1897 of Penal Law (having a gun in his possession). This guarantee to hold good in event of forfeiture of said bail bond.

"N. Y., *Sept.* 20, 1915.

"J. LEON BRANDMARKER."

Wager failed to appear for trial, the bond was forfeited and the People of the State of New York recovered a judgment against Minnie Levine by reason of the forfeiture. She paid $500 on account of the judgment and brought an action against the respondent upon the agreement. The complaint contained the following clause:

"3. That the defendant on or about the 20th day of September, 1915, in consideration that the plaintiff would become such surety for said Alex. M. Wager by executing an undertaking to the People of the State of New York, a copy of which undertaking is hereto annexed and marked Exhibit 'A' and made a part of this complaint, and as a consideration from plaintiff to defendant to execute said undertaking the defend-

ant promised and agreed with plaintiff that he would indemnify her and save her harmless from damages, costs and charges which she might sustain by reason of her becoming surety as aforesaid to the amount of seven hundred and fifty dollars and defendant executed and delivered to plaintiff a certain agreement in writing dated September 20, 1915, a copy of which is hereby annexed marked Exhibit ' B ' and made a part of this complaint."

Respondent filed a verified answer which contained, among other allegations, the following:

" 1. The defendant denies the allegations contained in the third paragraph of the complaint, except that the defendant, without any consideration, signed a certain instrument and delivered the same to the plaintiff."

After proceedings had been instituted before the grievance committee of the Bar Association the respondent amended his said answer so that it reads:

" 1. He admits the allegations contained in third paragraph of the complaint except that the defendant alleges that the agreement therein mentioned was without any consideration."

The learned official referee has reported that there is practically no dispute as to the main facts alleged in support of the charges. It clearly appears that the respondent without justification, in his answer to the action against him on the agreement of indemnity, set up a want of consideration, and repudiated the written obligation to Minnie Levine into which he had solemnly entered, to her damage in a very substantial sum.

There is no room for argument that upon the facts found the respondent is guilty of professional misconduct. Nothing is presented in justification, palliation or excuse to affect the conclusion that respondent is unfit to remain a member of the honorable profession of the law. He is, therefore, disbarred.

LAUGHLIN, SCOTT, SMITH and SHEARN, JJ., concurred.

Respondent disbarred. Order to be settled on notice.